**LOWENSTEIN SANDLER LLP**
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Jillian L. Zadie, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ConnectEdu, Inc.,<br><br>          Debtor. | Chapter 11<br><br>Case No. 14-11238 (___) |
| In re:<br><br>Experience, Inc.,<br><br>          Debtor. | Chapter 11<br><br>Case No. 14-11240 (___) |
| In re:<br><br>Academic Management Systems, Inc.<br><br>          Debtor. | Chapter 11<br><br>Case No. 14-11239 (___) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

28001/1
04/28/2014 29388188.2

ConnectEdu, Inc. and its direct subsidiaries: Experience, Inc. and Academic Management Systems, Inc. as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (the "Motion"), for entry of an order substantially in the form annexed hereto (the "Order"), administratively consolidating their respective Chapter 11 Cases solely for procedural purposes and providing for joint administration thereof. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

4. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner or committee has been requested or appointed.

5. The Debtors commenced these Chapter 11 Cases to protect, preserve and maximize the value of their business. Through these Chapter 11 Cases, the Debtors intend to maximize the value of their assets for the benefit of their creditors and stakeholders.

**RELIEF REQUESTED**

6. By this Motion, the Debtors seek the joint administration and consolidation of the Chapter 11 Cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b). For the reasons set forth herein, the Debtors believe that, in light of their affiliated status and interrelated business operations, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid in expediting the Chapter 11 Cases and rendering their administration more efficient and economical.

**BASIS FOR RELIEF REQUESTED**

7. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates. Bankruptcy Rule 1015(b) provides, in relevant part, that:

> [i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

8. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).[1]

---

[1] Joint administration should be distinguished from substantive consolidation whereby the assets and liabilities of two or more estates are combined.

9. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these Cases would result in filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be extremely wasteful.

10. Joint administration will permit the Clerk to use a single general docket for all of the above-referenced cases and to combine notices to creditors of each Debtor's estate and other parties in interest. Joint administration will also protect parties in interest by ensuring that parties in interest in each chapter 11 case will be apprised of the various matters before the Court in the other cases. To this end, contemporaneously herewith the Debtors are filing a consolidated list of creditors.

11. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

12. The Debtors also submit that supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee for this District (the "UST") will be simplified.

13. Accordingly, the Debtors submit that joint administration of the above-referenced Chapter 11 Cases is in their best interests, as well as the best interests of their creditors and all other parties in interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ConnectEdu, Inc., *et al.*,[1] | Case No. 14-11238 (   ) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) ConnectEdu, Inc. (8132) and its direct subsidiaries: (2) Experience, Inc. (0757) ("**Experience**"); and (3) Academic Management Systems, Inc. (0844) ("**AMS**"). The location of the Debtors' corporate headquarters is 600 Atlantic Avenue, 20th Floor, Boston, MA 02210.

14. The Debtors also request a separate docket entry, substantially similar to the following, in each of the Chapter 11 Cases (other than the ConnectEdu case) to reflect the joint administration of the chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of this chapter 11 case with the affiliated chapter 11 case captioned, *In re ConnectEdu, Inc., et al.* All further docket entries shall be made in Case No. 14-11238.

15. Finally, the Debtors seek authority to file the monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis, provided that separate allocations of disbursements will be made for each Debtor.

## **NOTICE**

16. Notice of this Motion has been given to (i) Counsel to North Atlantic SBIC IV, L.P., Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110, Attn: Rick Pedone, Esq. and David Martland, Esq.; (ii) Counsel to Experience Former Stockholders Representative, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, California 90071, Attn: Peter M. Gihuly, Esq.; (iii) the Debtors' twenty largest unsecured creditors; (iv) the Office of the United States Trustee for the Southern District of New York; (v) the Internal Revenue Service; and (vi) those parties who have filed a notice of appearance and request for

service of pleadings in the chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

17. No previous motion for the relief sought herein has been made to this or to any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto and grant such other and further relief as the Court may deem just and proper.

Dated: April 28, 2014

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Wojciech F. Jung*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Jillian L. Zadie, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and Debtors-in-Possession*